## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JIM JONES, et al., | ) | |
| | ) | |
|       **Plaintiffs,** | ) | |
| | ) | **8:04CV645** |
| vs. | ) | |
| | ) | **ORDER** |
| JOHN GALE, et al., | ) | |
| | ) | |
|       **Defendants.** | ) | |
| | | |
| **JOHN W. DECAMP,** | ) | |
| | ) | |
|       **Plaintiff,** | ) | |
| | ) | **4:04CV3194** |
| vs. | ) | |
| | ) | **ORDER** |
| **STATE OF NEBRASKA, et al.,** | ) | |
| | ) | |
|       **Defendants.** | ) | |

    Now pending before the court is plaintiffs' Motion to Consolidate (#4 in 8:04CV645), requesting that this case be consolidated with *DeCamp v. State of Nebraska*, 4:04CV3194. The motion was served on counsel of record in the *DeCamp* case. The *DeCamp* parties were given until February 14, 2005 to respond to the Motion to Consolidate, but no response or objection has been filed.

    Rule 42(a) of the Federal Rules of Civil Procedure provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

The moving parties bear the burden of proof on a motion for consolidation. *In re Consolidated Parlodel Litigation*, 182 F.R.D. 441, 444 (D.N.J. 1998). "'[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another.'" *Enterprise Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994) (quoting *Johnson v. Manhattan Ry.*, 289 U.S. 479, 496-97 (1933)).

The consolidation of cases for trial is a discretionary matter. *See United States Environmental Protection Agency v. City of Green Forest*, 921 F.2d 1394, 1402 (8th Cir.), *cert. denied*, 502 U.S. 956 (1991); *Enterprise Bank v. Saettele*, 21 F.3d 233 (8th Cir. 1994).

In exercising its discretion, a court should weigh "the interests of judicial economy against the potential for new delays, expense, confusion, or prejudice." ... Other courts have described this balance as:

> whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple law suits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982), *cert. denied*, 460 U.S. 1102 (1983).... In this analysis, however, "[c]onsiderations of convenience and economy must yield to a paramount concern for a fair and impartial trial." *Johnson* [*v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir.), *cert. denied*, 498 U.S. 920 (1990).]

*In re Consolidated Parlodel Litigation*, 182 F.R.D. at 444.

Considering these factors, and in the absence of any objection to consolidation, I find that the motion for consolidation should be granted.

**IT IS ORDERED** that plaintiffs' Motion to Consolidate (#4 in 8:04CV645) is granted, as follows:

1. Pursuant to Fed. R. Civ. P. 42(a), Cases Nos. 8:04CV645 and 4:04CV3194 are hereby consolidate for purposes of discovery, pretrial management, and trial.

2. A consolidated planning conference will be held on **June 13, 2005** from **10:30 a.m.** to 11:30 a.m. (the time previously reserved for the planning conferences in these cases).

3. I note that motions for intervention have been filed in both cases by the Nebraska Farmers Union, *et al*. Counsel for the proposed intervenors may attend the planning conference.

DATED April 26, 2005.

                **BY THE COURT:**

                **s/ F.A. Gossett**
                **United States Magistrate Judge**