## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **JIM JONES, et al.,** | ) | **CASE NO. 4:04CV645** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **JOHN GALE, et al.,** | ) | |
| | ) | |
| **Defendants,** | ) | |
| | | |
| **JOHN DECAMP, et al.,** | ) | **CASE NO. 4:04CV3194** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **MEMORANDUM** |
| **vs.** | ) | **AND ORDER** |
| | ) | |
| **STATE OF NEBRASKA, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the Court in these consolidated cases on objections[1] to the order of Magistrate Judge Gossett,[2] denying certain motions to intervene.[3] The Intervenors[4] submitted a brief in support of their objections, and the Plaintiffs in Case No. 4:04cv3194, Jim Jones, et al., submitted a brief in opposition. For the reasons stated below, the Intervenors' objections will be denied.

---

[1] Filing No. 55 in Case No. 8:04cv645, and Filing No. 40 in Case No. 4:04cv3194.

[2] Filing No. 52 in Case No. 8:04cv645 and Filing No. 37 in Case No. 4:04cv3194.

[3] Filing No. 34 in Case No. 8:04cv645 and Filing No. 24 in Case No. 4:04cv3194.

[4] Nebraska Farmers Union, Center for Rural Affairs, Inc., Norma Hall, Cy Pinkelman, Wayne Frost, Annette Dubas, Vern Jantzen, and Merton "Cap" Dierks.

## STANDARD OF REVIEW

When a magistrate judge enters an order disposing of a pretrial matter, the district judge to whom the case is assigned shall consider timely objections to the order and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). The briefs before me,[5] submitted by the Intervenors and the Plaintiffs, both argue their respective positions in terms of the "clearly erroneous or contrary to law" standard, with the Intervenors arguing that Judge Gossett's decision was contrary to law.

Whether a person is entitled to intervention as a matter of right is generally a question of law reviewed *de novo* on appeal. *Mille Lacs Band of Chippewa Indians v. Minnesota*, 989 F.2d 994, 998 (8th Cir. 1993), and a ruling on the timeliness of a motion to intervene is generally reviewed for abuse of discretion. *Id.* Because my own rulings on the Intervenors' objections to Judge Gossett's order may be reviewed on appeal by the application of the standards of review described in *Mille Lacs,* I will apply those standards of review herein.

## ANALYSIS

Having reviewed the same materials considered by Judge Gossett[6] as well as the briefs submitted on the objections to Judge Gossett's memorandum and order, I concur with the statement of the factual background of the case, the analysis, and the conclusion set forth in Judge Gossett's memorandum and order. I will not duplicate the content of

---

[5]  Filing Nos. 56 and 58 in Case No. 8:04cv645, and Filing No. 58 in Case No. 4:04cv3194.

[6]  See footnote 1 in both Filing No. 52, Case No. 8:04cv645, and Filing No. 37, Case No. 4:04cv3194.

Judge Gossett's memorandum and order herein; I will merely summarize my reasons for agreeing with him.

The Plaintiffs are challenging the constitutionality of Neb. Const., art. XII, § 8, popularly known as "Initiative 300," that states, in part: "No corporation or syndicate shall acquire, or otherwise obtain an interest, whether legal, beneficial, or otherwise, in any title to real estate used for farming or ranching in this state, or engage in farming or ranching." The Plaintiffs seek declaratory and injunctive relief, under several theories, and have named Nebraska Secretary of State John Gale and Nebraska Attorney General Jon Bruning as Defendants, in their official capacities, because the Secretary of State and Attorney General are responsible for the enforcement of Initiative 300, under art. XII § 8.[7] The Office of the Nebraska Attorney General is providing legal representation for Gale and Bruning, in their official capacities, defending the constitutionality of Initiative 300.[8]

The Intervenors no doubt have some interest in the outcome of the case, and they may have valuable information and insights to share in the defense of the constitutionality of Initiative 300. Having some interest in the outcome of a case, however, does not equate to Article III standing – a prerequisite to intervention.[9] Neither do their respective interests

---

[7] Complaints, Filing No. 1, Case No. 4:04cv3194; Filing No. 1, Case No. 8:04cv645.

[8] Answers, Filing No. 7, Case No. 4:04cv3194; Filing No. 7, Case No. 8:04cv645.

[9] Having an interest in the outcome of a case does not equate to constitutional standing – a prerequisite for intervention. "Constitutional standing requires a showing of (1) an injury in fact, which is an invasion of a legally protected interest that is concrete, particularized, and either actual or imminent; (2) causation; and (3) redressability." *Curry v. Regents of the Univ. of Minn.*, 167 F.3d 420, 422 (8th Cir. 1999). The Intervenors, who worked for the successful adoption of Initiative 300 and/or who anticipate an adverse economic effect on their businesses if Initiative 300 is declared unconstitutional, have shown no injury in fact. The speculative injury they might suffer if Initiative 300 were declared unconstitutional is not particularized, but is common to the injury that could be suffered by other citizens and organizations throughout Nebraska that support family farming and the restrictions imposed by Initiative 300.

give them the right to intervene under Fed. R. Civ. P. 24(a), nor do they warrant permissive intervention under Fed. R. Civ. P. 24(b).

A party is entitled to intervene as a matter of right if: (1) it claims an interest relating to the subject of the action; (2) the disposition of the action may impair or impede its ability to protect its interest; and (3) its interest is not adequately represented by existing parties. *Chiglo v. City of Preston*, 104 F.3d 185, 187 (8th Cir. 1997). The party seeking intervention must satisfy all three parts of the test. *Id.*

Even if the Intervenors could demonstrate Article III standing, which they have not, I have no reason to conclude that their interests are not adequately represented by the attorneys who are charged under Nebraska law with the representation of the state's interests[10] and who now represent Gale and Bruning, in their official capacities. See Fed. R. Civ. P. 24(a)(2); *Little Rock Sch. Dist. v. N. Little Rock Sch. Dist.*, 378 F.3d 774, 780 (8th Cir. 2004); *Curry v. Regents of Univ. of Minn.*, 167 F.3d 420, 423 (8th Cir. 1999).

Neither would I grant permissive intervention under Fed. R. Civ. P. 24(b)(2), if the Intervenors could demonstrate Article III standing. Considering all the circumstances of the consolidated cases, including the fact that the Intervenors' motions to intervene were filed 339 days and 113 days after the commencement of the respective consolidated actions, without good cause shown for the delay, I find (1) that the motions were not timely filed; (2) that intervention would likely delay the proceedings; and (3) that such a delay would be to the prejudice of the other parties, based on the allegations in the Complaints, discovery completed to date, and the current progression of the case. See Fed. R. Civ. P. 24(b)(2); *Mille Lacs Band of Chippewa Indians v. Minnesota*, 989 F.2d at 998.

---

[10]  See Neb. Rev. Stat. §§ 84-202, 84-203 (1999) and 84-205(1) (2003 Supp.)

Having reviewed Judge Gossett's order *de novo* with respect to the Intervenors' Article III standing and their right to intervene under Fed. R. Civ. P. 24 (a), I reach the same conclusions reached by Judge Gossett, to the effect that (1) the Intervenors lack Article III standing, and (2) the Intervenors have no right to intervene under Fed. R. Civ. P. 24(a) due to their lack of Article III standing and because their interests are adequately represented by existing parties.   Having reviewed Judge Gossett's order for abuse of discretion with respect to the Intervenors' motion for permissive intervention under Fed. R. Civ. P. 24(b), I find that Judge Gossett did not abuse his discretion when he concluded that "[a]ny nonmandatory intervention on their part would only serve to delay and unfairly prejudice the rights of the original parties."[11]   This ruling does not preclude the Intervenors from applying for leave to appear as amicus curiae.

IT IS ORDERED:

1.      The Intervenors' Statement of Appeal of, and Objections to, Magistrate Judge's Order  (Filing No. 55 in Case No. 8:04cv645 and Filing No. 40 in Case No. 4:04cv3194) is denied; and

2.      The Magistrate Judge's Memorandum and Order (Filing No. 52 in Case No. 8:04cv645 and Filing No. 37 in Case No. 4:04cv3194) is affirmed.

Dated this 5th day of July,  2005.

                                                        BY THE COURT:


                                                        s/Laurie Smith Camp
                                                        United States District Judge

---

[11]  See p. 8, Filing No. 52, Case No. 8:04cv645, Filing No. 37, Case No. 4:04cv3194.